**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **J.C. BERRY,** )<br>)<br>      **Plaintiff,** )<br>)<br>vs. )<br>)<br>**STATE OF OKLAHOMA, et al.,** )<br>)<br>      **Defendants.** ) | Case No.  CIV-09-1014-D |

**REPORT AND RECOMMENDATION**

Plaintiff J. C. Berry, a state prisoner appearing pro se, has filed a complaint purporting to state a claim for the violation of his constitutional rights under 42 U.S.C. §1983 [Doc. No. 1]. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C). Now before the court for determination is Plaintiff's request for a temporary restraining order and preliminary injunction [Doc. No. 5].

A temporary restraining order is an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure 2d § 2952; *see also Commercial Security Bank v. Walker Bank & Trust Co.,* 456 F.2d 1352, 1356 (10th Cir. 1972) ("We can only reiterate that Rule 65 must be strictly complied with."). Such safeguards require Plaintiff, as movant, to "show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and to "certif[y] in

writing any efforts made to give notice [to the Defendants as adverse parties] and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Plaintiff's declaration in support of his motion fails to address either his efforts to notify Defendants of his request or any reasons for his inability to provide the requisite notice [Doc. No. 5, Attachment 1]. Consequently, it is recommended that Plaintiff's request for a temporary restraining order be denied. *See Commercial Security Bank,* 456 F.2d at 1356 (reversing the district court's issuance of a temporary restraining order in part because the court failed to comply with Fed. R. Civ. P. 65(b)).

As to Plaintiff's request for preliminary injunction "requiring the plaintiff [to] receive [previously prescribed sinus medication] immediately," [Doc. No. 5, Attachment A, p. 2], the undersigned is recommending by separate report that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. No. 2] be denied because Plaintiff has sufficient funds to prepay the filing fee of $350 and does not qualify for authorization to proceed without prepayment of the filing fee. Accordingly, a recommendation on Plaintiff's request for preliminary injunction[1] will not be made until a determination is made on the recommended

---

[1] While Plaintiff maintains that Defendants are violating his Eighth Amendment right to receive sinus medication which has already been prescribed for him, his complaint reveals that his real challenge is to Defendants' requirement that he file a request for medical services to obtain a renewal of his prescription rather than filing a request to staff directed to the physician who originally prescribed the medication [Doc. No. 1, p. 4]. Plaintiff maintains that Defendants' requirement is contrary to Oklahoma Department of Corrections policy stating "that a Request for Medical Service is not required when an offender return [sic] to the clinic to receive medical, dental or optometric follow-up treatment and/or care that was previously recommended by their health care provider." *Id.* He maintains that "[t]he Medical Department is engaged in the unlawful practice of extortion through the co-payment scheme[.]" *Id.* at 4 - 5. Thus, it appears that Plaintiff's claim,
(continued...)

denial of Plaintiff's *in forma pauperis* status, a determination which may impact whether Plaintiff chooses to proceed with his lawsuit.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

The undersigned recommends that Plaintiff's request for a temporary restraining order [Doc. No. 5] be denied. Plaintiff is advised of his right to object to this Report and Recommendation by October 6, 2009, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral.

ENTERED this 16th day of September, 2009.

*[signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
while couched in Eighth Amendment terms, is actually that Defendants are not following their own regulations, a claim that "does not equate to a constitutional violation." *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993).