**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **J.C. BERRY,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  CIV-09-1014-D |
| | ) |
| **STATE OF OKLAHOMA, et al.,** | ) |
| | ) |
|        **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff J. C. Berry, a state prisoner appearing pro se, has filed a complaint purporting to state a claim for the violation of his constitutional rights under 42 U.S.C. §1983 [Doc. No. 1]. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

In apparent response to the undersigned's recommendation [Doc. No. 7] that Plaintiff's request to proceed *in forma pauperis* [Doc. No. 2] be denied, Plaintiff has now paid the full amount of the $350.00 filing fee [Doc. No. 9]. Accordingly, an initial review of the complaint has been conducted as required by 28 U.S.C. § 1915A(a). Based upon that review, it is recommended that the complaint be dismissed on filing for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**Plaintiff's Complaint**

Plaintiff has sued the director of the Oklahoma Department of Corrections ("DOC") along with various administrators and health care personnel at Joseph Harp Correctional

Center maintaining in the first of two counts that these Defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights [Doc. No. 1, sequential[1] p. 4]. Plaintiff maintains that in December, 2008 he submitted a Request for Services to Defendant (Physician) Johnston and was given a prescription for sinus medication. *Id.* at sequential p. 6. Plaintiff alleges[2] that during the June 5, 2009, evening pill distribution, he "was informed by Nurse Shelton, that the sinus medication expiration date was approaching and if plaintiff wanted to continue the medicine, plaintiff needed to renew the prescription." *Id.* at sequential p. 4. Plaintiff then claims that on June 9, 2009, he submitted a Request to Staff to Defendant (Physician) Johnston requesting a renewal but that "the Request to Staff was returned instructing plaintiff to submit a Request for Service." *Id.*

Plaintiff maintains that such "instruction is contrary to departmental procedures of OP-140160; states, that a Request for Medical Service is not required when an offender return to the clinic to receive medical, dental or optometric follow-up treatment and/or care that was previously recommended by their health care provider." *Id.* He alleges that it was not necessary for him to submit a Request for Medical Services since he was already receiving the medication. *Id.*

It is further alleged that "on June 13, 2009, plaintiff sinus medication was discontinued absent any consultation or follow-up concerning plaintiff's renewal of sinus

---

[1]Because Plaintiff has inserted an unnumbered page between pages numbered 1 and 2 of his complaint, the undersigned has referred to pages of the complaint as if sequentially numbered.

[2]Unless otherwise indicated, quotations attributed to Plaintiff have been reproduced verbatim.

medicine." *Id.* Plaintiff claims that he "went to Medical on June 15, 2009, at approximately 7:00 a.m. asking RN nurse Barbara Lee, why plaintiff's sinus medicine had not been renewed, only to hear the same contrary to procedures answer, of submit a Sick Call Slip. The Medical Department is engaged in the unlawful practice of extortion through the co-payment scheme, relegating plaintiff's chronic sinus conditions insignificant for the sake of cost." *Id.* at sequential pp. 4 - 5.

In his second count, Plaintiff maintains that "the Defendants have Conspired to deprive plaintiff of his Constitutional Rights to Redress of the 1st amendment and Due Process of the 14th amendment to the United States Constitution." *Id.* at sequential p. 5. As factual support for this claim, Plaintiff maintains that he attempted to utilize the DOC grievance procedure to resolve the sinus medication issue, but that Defendants failed to respond to his grievance filings. He alleges that "[t]he defendants are engaged in a ploy to frustrate impede, delay, and deny plaintiff's access for Redress through the denial of Due Process of the Grievance, which delay plaintiff's access to the Courts is a violation of plaintiff's First and Fourteenth Amendments to the United State Constitution, while Plaintiff's health needs languish in harms way." *Id.* at sequential p. 7.

Actual and punitive damages are sought along with unspecified declaratory and injunctive relief. *Id.* at sequential p. 8.

**Standard of Review**

The court must review Plaintiff's complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall*, 935 F.2d at 1109. In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**Analysis**

    **Deliberate Indifference to a Serious Medical Need**

The Eighth Amendment requires prison officials to provide humane conditions of confinement, including access to the basic necessities of medical care. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The United States Supreme Court has made clear that "deliberate indifference to serious medical needs of prisoners constitut[ing] the 'unnecessary and wanton infliction of pain,'" may amount to a violation of the Eighth Amendment. *Id.* at 104 (citation omitted). What Plaintiff has alleged here, however, is not the denial of access to the basic necessities of medical care but rather Defendants' refusal to provide that care on Plaintiff's terms.

Plaintiff acknowledges that Nurse Shelton specifically advised him "that the sinus medication expiration date was approaching and if plaintiff wanted to continue the medicine, plaintiff needed to renew the prescription." [Doc. No. 1, sequential p. 4]. Plaintiff attempted the renewal through a Request to Staff – directed to the same physician, Defendant Johnston, who prescribed the medication six months earlier – but was advised that he needed to submit a Request for Medical Services. *Id.* and at sequential p. 6 and at attached Request to Staff. Plaintiff does not claim that he followed the Request for Medical Services procedure required by Defendants only to be denied a refill of his sinus medication. Instead, according to his allegations, it was Plaintiff's decision to forego a refill of his medication because he did not believe he should be required to file a Request for Medical Services, claiming that Defendants' requirement "is contrary to departmental procedures of OP-140160; states, that a Request for Medical Service is not required when an offender return to the clinic to receive medical, dental or optometric follow-up treatment and/or care that was previously

5

recommended by their health care provider." [Doc. No. 1, sequential p. 4].  In this connection, Plaintiff further alleges that "[t]he Medical Department is engaged in the unlawful practice of extortion through the co-payment scheme, relegating plaintiff's chronic sinus conditions insignificant for the sake of cost."[3] *Id.* at sequential pp. 4 - 5.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[.]" *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff couches his complaint in Eighth Amendment terms, his own allegations establish that Defendants did not deny him medical care.  His own allegations establish that he never even attempted to obtain his sinus medication through a Request for Medical Services because he believed that Defendants were not properly following their own operating procedure and because it was "unlawful" for Defendants to "extort[ ] [him] through the co-payment scheme." [Doc. No. 1, sequential pp. 4 - 5].

Consequently, according to Plaintiff's allegations, any lack of medical care resulted from his own decision not to seek a medication refill if he was unable to do so under the procedure of his choosing and if he would incur a copayment for so doing.  If it is Plaintiff's claim that Defendants injured him by failing to follow their own regulations, such a claim "does not equate to a constitutional violation." *Hovater v. Robinson,* 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993).  Moreover, "[i]t is clearly constitutionally acceptable to charge inmates

---

[3] The undersigned takes judicial notice of the fact that DOC's Access to Health Care procedure, OP-140117, provides that "[o]ffenders will not be refused health care because of their financial status.  However, offenders will be charged a $2.00 copayment fee for each offender-initiated request for a medical, dental or optometric service and $2.00 for each medication issued during an offender-initiated clinic visit." OP-140117(III)(F)(2).

6

a small fee for health care where, as here, indigent inmates are guaranteed service regardless of ability to pay." *McCall v. Johnson County Sheriff's Dept.,* 71 Fed.Appx. 30, 31 (10th Cir. July, 25, 2003) (unpublished op.).

Plaintiff has failed to state a claim for which relief can be granted under § 1983, and accordingly, it is recommended that Plaintiff's Eighth Amendment claim be dismissed pursuant to 28 U.S.C. 1915A(b)(1).

**Grievance Process**

Plaintiff maintains that "[t]he Defendants have Conspired to deprive plaintiff of his Constitutional Rights to Redress of the 1st amendment and Due Process of the 14th amendment to the United States Constitution" by failing to respond to his administrative grievance filings [Doc. No. 1, sequential p. 5]. Nonetheless, Plaintiff makes no factual allegations in support of a conspiracy. And, provided that Plaintiff has the ability to assert his constitutional claims in the courts – a fact evidenced by his § 1983 complaint here – his allegations with respect to the handling of his administrative grievances do not implicate a constitutional violation. *See Walters v. Corrections Corporation of America,* 119 Fed. Appx. 190, 191 (10th Cir. Dec. 7, 2004) (unpublished op.) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.") (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991)). *See also Murray v. Albany County Board of County Commissioners*, No. 99-8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000) ("[P]rison grievance procedures

do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'") (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 ( 8th Cir. 1993)). Accordingly, it is recommended that Plaintiff's claims with respect to the processing of his grievances be dismissed pursuant to 28 U.S.C. 1915A(b)(1) for failure to state a claim upon which relief can be granted.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

It is recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A(b)(1).

Plaintiff is advised of his right to object to this Report and Recommendation by October 28, 2009, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 8th day of October, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE